DOWNING, J.,
dissents and assigns reasons.
IT respectfully dissent. While I greatly sympathize with the Hutchersons, innocent homeowners who suffered serious water damage in their home, they are not entitled to recovery under the Louisiana New Home Warranty Act. No evidence in the record shows that damage to the roof framing system affected its load-bearing function, and the evidence in the record is uncontradicted that the builder complied with the applicable building standards. The trial court judgment should be reversed on both these grounds.

Affecting the Load-bearing Function

Harvey Smith Construction, Inc. (HSC), asserts in its first assignment of error that the trial court misapplied La. R.S. 9:3143(5) in holding it liable for damages to the Hutcherson home. This section provided at the pertinent time as follows. We *781 highlight a different portion of the section than did the majority:
“Major structural defect” means any actual physical damage to the following designated load-bearing portions which affects their load-bearing functions to the extent the home becomes unsafe, unsanitary, or is otherwise unlivable:
(h) Roof framing systems. (Emphasis added.)
| .¿As the majority concludes, there is evidence in the record that the roof is a load-bearing portion of the home and that there was damage, including rotting roof decking, to the roof resulting “from a defective roof framing system.” The record contains no evidence, however, that this damage had any effect on the load-bearing function of the roof. “Load-bearing” means “capable of bearing a structural load.” Free Dictionary (http:/www. freedictionary .org/?Query=load-bearing). As HSC points out, the Hutchersons presented no structural or load-bearing evidence whatsoever at trial. And the trial court did not find the damage affected on the roofs ability to bear a structural load. Rather, it found that the roofs structural problems allowed water damage to the home, as follows:
[TJhere was physical damage ... that was caused by the water getting to the decking and the rafters, and that is a portion of the load-bearing function which gave way in terms of letting this water in.
Without evidence of damage to the roof framing system that affects its load bearing function as required by La. R.S. 9:3143(5), the Hutchersons have failed to establish an essential element of their claim. The judgment should therefore be reversed.

Compliance with Building Standards

HSC also points out that the existence of the warranty depends on “noncompliance with the building standards.” In this regard, the applicable version of La. R.S. 9:3144 A(3) governs the existence of the warranty at issue, as follows. We again highlight a different portion of this section than did the majority:
A. Subject to the exclusions provided in R.S. 9:3144(B), every builder warrants the following to the owner:
* ⅜ *
| oTen years following the warranty commencement date, the home will be free from major structural defects due to noncompliance with the building standards. (Emphasis added.)
Here, the Hutchersons stipulated on the record that the city of Baton Rouge inspected the home and that it passed all inspections. The trial court took judicial notice that “the city inspected the home and the home was given a certifícate of occupancy. Uncontradicted evidence in the record shows that the home complied with all building standards. Citing Sonnier v. Bayou State Mobile Homes, Inc., 96-1458 (La.App. 3 Cir. 4/2/97), 692 So.2d 698, 700, abrogated on other grounds, Dalme v. Blockers Manufactured Homes, Inc., 00-00244 (La.App. 3 Cir. 1/25/01), 779 So.2d 1014, 1017, HSC argues that recovery under La. R.S. 9:3144 A(3) is unwarranted where plaintiffs fail to prove that a defect arises from noncompliance with building standards. The Sonnier court held that, “in order to prevail, the [plaintiffs] must prove by a preponderance of the evidence that the home they purchased from [defendant] suffered from a major structural defect due to noncompliance with the building standards.” (Emphasis added.) Id. This ruling is in accord with the statu *782 tory terms. Accordingly, the judgment herein should be reversed on this basis.
In its oral reasons, the trial court found that the Hutchersons’ claims arose “because the roof framing system itself was not designed properly.” Even so, the Hutchersons have failed to show that their claims come within the parameters of La. R.S. 9:3144 AIS).[1] Therefore, just as the square peg Ldoes not fit the round hole, the Hutchersons’ arguments and proofs do not fit a claim for damages under the New Home Warranty Act based on structural defects.
For these reasons, I respectfully dissent.

. The current version of La. R.S. 9:3144 A(3) also includes warranty protection to structural defects “due to other defects in material or workmanship not regulated by the building standards,” although the warranty period has been reduced to five years.